UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-62144-LEIBOWITZ/AUGUSTIN-BIRCH

MICHAEL REDINGTON,

    Plaintiff,

v.

NORTH AMERICAN BISON LLC,

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON
JOINT MOTION FOR APPROVAL OF SETTLEMENT
AGREEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE**

This cause comes before the Court on the parties' Joint Motion for Approval of Settlement Agreement and Stipulation of Dismissal with Prejudice. DE 12. The Honorable David S. Leibowitz, United States District Judge, referred the Joint Motion to the undersigned United States Magistrate Judge. DE 13. The Court has carefully considered the Joint Motion and the record and is otherwise fully advised in the premises. The Court **RECOMMENDS** that the Joint Motion be **GRANTED**.

Plaintiff Michael Redington filed this action against Defendant North American Bison LLC, his former employer, alleging that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay full overtime wages. DE 1. Under the terms of the parties' Amended Settlement Agreement, Plaintiff will receive $13,700, with half of that amount representing unpaid wages and with half representing liquidated damages. DE 15 at 9. Plaintiff's counsel will receive $3,800 for fees and costs. *Id.*

A settlement resolving an FLSA claim must either be presented to the Secretary of Labor or be scrutinized by a court for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). In reviewing the fairness of a settlement of an FLSA claim, a court determines whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1355. The court considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

In the Joint Motion, the parties explain that they exchanged information about Plaintiff's employment, status, and pay before reaching the settlement, and this exchange enabled them to evaluate the claims and defenses to reach an informed resolution. DE 12 at 3, 5. The parties continue to dispute issues such as whether Plaintiff was exempt from the payment of overtime wages. *Id.* at 1, 3, 5. They agreed to settle to avoid the risk and expense of continued litigation. *Id.* at 6. They reached the settlement voluntarily with the assistance of counsel experienced in wage and hour litigation and without undue influence, overreaching, collusion, or intimidation. *Id.*

The Court has considered the parties' arguments and has conducted its own review of the record. The parties reached their settlement early in the case and before significant discovery and substantive motion practice. The early settlement avoided additional accumulation of fees and costs. The parties had the assistance of counsel in resolving this case, and the Court has no reason to suspect that the settlement is a product of fraud or collusion. The Court concludes that

application of the *Leverso* factors to this case demonstrates that the settlement is fair and reasonable.

The Amended Settlement Agreement contains a general release. DE 15 at 8–9. A general release seeks to release claims not asserted in the pleadings. *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010). Some courts decline to approve FLSA settlement agreements that contain general releases. *E.g., Vega v. Ya Guan USA LLC*, No. 19-24902-CIV, 2021 WL 8946186, at *2 (S.D. Fla. Aug. 24, 2021); *Moreno*, 729 F. Supp. 2d at 1352 ("Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate."). Here, the parties have received the advice of experienced counsel, and counsel believe that the settlement is fair and reasonable in its entirety. Under these circumstances, the Court concludes that the general release is fair and reasonable.

A court must evaluate the reasonableness of any attorney's fees included as part of an FLSA settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Plaintiff's counsel will receive $3,800 for fees and costs under the Amended Settlement Agreement. DE 15 at 9. Counsel filed a declaration and his billing statement for this case to demonstrate the reasonableness of this payment. *Id.* at 13–22. Counsel states in the declaration that he is a seventh-year associate attorney who has appeared as counsel in at least 173 federal lawsuits, most in the area of employment law. *Id.* at 13. He reduced his regular hourly rate of $475 to $290 for this case, and the billing statement reflects that he further reduced the fees and costs from $5,212 to reach the agreed-upon payment of $3,800 included in the settlement. *Id.* at 14, 17–22. The parties assert in the Joint Motion that they agreed on the payment for Plaintiff's counsel separately and without regard to the amount

3

paid to Plaintiff.  DE 12 at 4.  The Court concludes that the payment to be made to Plaintiff's counsel under the Amended Settlement Agreement is reasonable.

The Court has reviewed the remaining clauses of the Amended Settlement Agreement, which include various standard provisions.  The Court concludes that the Amended Settlement Agreement is fair and reasonable in its entirety.  Accordingly, the Court recommends that the Joint Motion for Approval of Settlement Agreement and Stipulation of Dismissal with Prejudice [DE 12] be **GRANTED**, that the Amended Settlement Agreement [DE 15 at 8–11] be **APPROVED**, and that this case be **DISMISSED WITH PREJUDICE**.  Per the parties' request, the Court further recommends retention of jurisdiction to enforce the Amended Settlement Agreement.  *See* DE 12 at 6.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 26th day of February, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE